Anton Ewing (*pro se*)
3077 Clairemont Drive #372
San Diego, CA 92117
anton@antonewing.com.
(619)719-9640

Plaintiff

**FILED**

May 20 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ CharityW          DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> United Business Funding, LLC, a New ) <br> York limited liability company ) <br><br> Defendant. ) | Civil Case No.: **'19 CV 0941 CAB MSB** <br><br> **COMPLAINT** <br><br><br> **TCPA 47 USC §227(b)(1)(A)** <br> **TCPA 47 USC §227(c)(5)** |

Plaintiff Anton Ewing ("Plaintiff"), complains against Defendant United

Business Funding, LLC, a New York limited liability company ("UBF") and

alleges as follows:

## I.    INTRODUCTION

1.    Local Rule 83.4 regarding civility and its prohibition against attorneys

making derogatory statements about Plaintiff that disparages the intelligence, ethics, morals, integrity or behavior of Plaintiff Ewing, applies to Defendant's attorney.

2.     Local Rule 83.4 can be found at:

https://www.casd.uscourts.gov/_assets/pdf/rules/Local%20Rules.pdf

3.     Defendant's attorney has read Local Rule 83.4 and agrees to not harass, intimidate, or disparage Ewing.

4.     Defendant's attorney is subject to and bound by California Business & Professions Code section 6128 regarding criminal deceit by an attorney.

5.     Defendant's attorney agrees to not commit criminal deceit in his dealings with Plaintiff.

6.     If Defendant's attorney makes any derogatory remarks in his pleadings toward Plaintiff, then Plaintiff will file a State Bar complaint, move for Rule 11 sanctions and will ask the Court to refer said attorney to the Federal Bar standing committee on discipline.

7.     UBF began harassing Plaintiff on or about October 18, 2018.  As this Court knows, Plaintiff can be very vocal toward telemarketers and this one was also memorable.  To put it mildly, Plaintiff was rather stern and vocal with Defendant back on October 18, 2018 and was very clear about never telemarketing him ever again.   Then Defendant called again and again.  Since Defendant did not wise up,

back off or cease and desist, this lawsuit resulted. Defendants just don't get it.

8.     After the 10/18/18 call, Plaintiff received several emails from Michael Nuzzi using mnuzzi@ubfunds.com on October 18, 2018. Mr. Nuzzi was very caustic and derogatory in his emails to Plaintiff after Plaintiff informed Mr. Nuzzi that Plaintiff was going to sue United Business Funding, LLC for illegal telemarketing.

9.     On May 17, 2019, Defendant called again, from the same number as the above stated October 18, 2018 call, using 631-468-8926 to Plaintiff's phone at 619-719-9640.

10.    The October 18, 2018 call was not the first call. Plaintiff knows this because of what the employee on the other end of the phone was stating. Defendant's statements showed that Defendant must have called prior or must have paid and hired and controlled some other contracted agent of theirs to call Plaintiff previously.

11.    Often telemarketers higher controlled third parties to do their initial illegal calling in violation of the TCPA. The initial lead source always plays coy and will not divulge who they are or who they are working for. That in and of itself is a violation of the FCC's Telemarketing Sales Rule and actionable under 47 USC §227(c)(5). The only way that Plaintiff can find out who the TCPA violator is, is to fain interest and "play along" on the call as the telemarketer reads the script and illegally records the responses so they can sell the lead to Defendant UBF. It is a

disgusting business and Plaintiff is going to put a stop to it.

12.     The volume of illegal telemarketing calls in this country is skyrocketing. Something must be done. Plaintiff is doing something about it.

13.     The Honorable District Judge Chad F. Kenney stated on May 1, 2019 in case number 18-cv-02071, *Shelton vs. Fast Advance Funding, LLC*: "Well, the only way this, this act is going to get any teeth in it at all is through a serial litigant."

14.     Judge Kenney was referring to the TCPA when he made this above statement on the record. See attached.

15.     Defendant directly called Plaintiff on his DNC registered cell phone in violation of the TCPA.

16.     The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant United Business Funding, LLC.

17.     United Business Funding, LLC has been illegally calling Mr. Ewing, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS. Mr. Ewing brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage United Business Funding, LLC, to change their ways. To be clear, Plaintiff is suing UBF for the directly dialed calls. There

were other calls through lead generators but this lawsuit is for the direct autodialed calls.

18.   The Defendant will hand over the lead source in discovery.

## II. PARTIES

19.   Plaintiff Anton Ewing is a citizen of California who resides in California, in this District.

20.   Defendant United Business Funding, LLC, a New York limited liability company with its corporate office in Farmingville, New York, and is registered in and doing business in California.  UBF is managed by John DeBlasio.

21.   John DeBlasio is a member of UBF.

22.   Shawn Mcclelland is an employee of UBF, calls himself an Executive Account Manager and engages in telephone solicitations for and on behalf of UBF.

23.   Shawn Mccleland has made hundreds of telemarketing solicitation calls on behalf of UBF.

24.   Michael Nuzzi is a telemarketing agent of UBF.  Nuzzi is an employee of UBF.

25.   Michael Nuzzi called Plaintiff.

26.   Shawn Mccleland called Plaintiff.

### III. JURISDICTION AND VENUE

27.     This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

28.     This Court has personal jurisdiction over UNITED BUSINESS FUNDING, LLC because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, UNITED BUSINESS FUNDING, LLC made illegal telemarketing robocalls to Mr. Ewing, while he was in California. United Business Funding, LLC has also subjected themselves to personal jurisdiction in California because they are running and abetting said criminal operation.  It is a crime to violate 47 USC §501 by violating 47 USC §227(b). United Business Funding, LLC through their dba's and agents, initiated the primary telemarketing calls to Plaintiff and then sold, transferred and provided the lead to United Business Funding, LLC marketers and others within the organization in a knowingly illegal manner.

29.     Plaintiff was called on cell phone of 619-719-9640 by United Business Funding, LLC.  Plaintiff was called multiple times beginning on or about October 2018, from 631-468-8926, a number owned, used and controlled by United Business Funding, LLC and its agents, with a prerecorded message which then transferred to a live human.  The initial part of the call was a pre-recorded

message.   After many personal questions were asked and answered, the call was transferred to another United Business Funding, LLC person who repeated the same questions.   Defendant's employee asked if Plaintiff was interested in merchant cash advances or business loans.

30.     UBF did not have consent or permission to call Plaintiff.

31.     Plaintiff has expressly stated exactly what phone number Defendant used to call Plaintiff, as well as an exact date of one of the calls, to which number the calls were made, what was said on the call and that the call was made with an ATDS and prerecorded message.   All of this meets the particularity requirements for a cause of action.

32.     Plaintiff's phone number is not a business phone.

33.     Plaintiff's phone is registered on www.donotcall.gov and was done so more than 31 days prior to the first call.

34.     Defendant called Plaintiff on May 17, 2019 from 631-468-8926 at 12:53PM to 619-719-9640.   Said call was solicitation.

**IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

35.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

36.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47

C.F.R. § 64.1200(c)(2).

37.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

38.     Plaintiff Ewing alleges that Defendant United Business Funding, LLC placed repeated automated telephone calls to Plaintiff Ewing's cell phone (619-719-9640) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Ewing within a period of time from October 2018 to May 17, 2019 and the presence of a pause or click (which is proven by the recording), which is commonly associated with an Automated Telephone Dialing System (ATDS). Those allegations are true and are sufficient to establish the elements of a TCPA claim.  There was a long delay when the calls connected every time and Plaintiff heard a bubble popping sound right before the prerecorded message started.

## V. STANDING

39.     The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded

that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same

and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42

(7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010);

*Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following

*Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint

liberally").

40.     Standing is proper under Article III of the Constitution of the United States

of America because Plaintiff's claims state:

    A.  A valid injury in fact;

    B.  which is traceable to the conduct of Defendant;

    C.  and is likely to be redressed by a favorable judicial decision.  See,

        *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders*

        *of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in

        *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all

        three prongs above.

**The "Injury in Fact" Prong**

41.     Plaintiff's injury in fact, must be both "concrete" and "particularized" in

order to satisfy the requirements of Article III of the Constitution, as laid out in

*Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning

that it actually exists.  In the present case, Plaintiff was called on his cellular phone

at least five times by Defendant.  In fact, Plaintiff expressly informed Defendant to

cease and desist from all future telemarketing on the very first call.  Such calls are

a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the

fact that Plaintiff's phone number, at all times relevant to this litigation, was on the

National Do-Not-Call Registry ( hereinafter, "DNC Registry").  As well, Plaintiff

had no prior business relationship with Defendant prior to receiving the seriously

harassing and annoying calls by United Business Funding, LLC.   All of Plaintiff's

injuries are concrete and de facto. For an injury to be "particularized" means that

the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc.*

*v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14.  In the instant case, it was

Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It

was Plaintiff's personal privacy and peace that was invaded by Defendant's

persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff

having no prior business relationship with Defendant and Plaintiff's attempt to

avoid the damage by registering his number on the DNC Registry.

**The "Traceable to the Conduct of Defendant" Prong**

42.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant.   See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

43.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution

have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff

has standing to sue Defendant on the stated claims.

44.    "…[C]ourts in the Ninth Circuit have held that "allegations of nuisance and

invasions of privacy in TCPA actions are concrete" injuries that establish standing.

See *Mbazomo v. ETourandtravel, Inc.*, 16-CV-2229-SB, 2016 U.S. Dist. LEXIS

170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016).  In *Mbazamo*, the court

held that a violation of the TCPA represents a concrete injury because "[t]he

history of sustaining claims against both unwelcome intrusion into a plaintiff's

seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have]

traditionally been regarded as providing a basis for a lawsuit.'" *Mbazomo*, 2016

U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at

1549-50). The court declined to follow Romero, explaining that Romero

"improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A

plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged

harms suffered." Id.  *Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016,

No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

45.    "To establish injury in fact, a plaintiff must show that he or she suffered 'an

invasion of a legally protected interest' that is 'concrete and particularized' and

'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting

*Lujan*, 504 U.S. at 560).  The Supreme Court noted that concreteness is quite

distinct from particularization. *Id.* An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id.* In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id.* However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id.* at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

46.     Here, Plaintiff alleges that Defendant United Business Funding, LLC contacted him using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, each of the calls are available to the Court as audio recordings of the

robotic voice message that initiated the calls. Second, the calls are impersonal advertisements: they do not address Plaintiff personally and they advertise Defendant UBF's product. Third, Plaintiff declares that he has never heard of Defendant UBF, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided his cellular telephone numbers to said Defendant or consented to receive calls from Defendant.  Plaintiff also has had no prior business relationship with Defendant.  Plaintiff had no reason to be in contact with Defendant UBF nor has he ever purchased any kind of product or service. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages.  Plaintiff does not own video or drone business and therefore could not possibly purchase loan services from Defendant.

47.    In Plaintiff's case, the allegations establish that he did not give prior express consent.  He declared that he was "the regular user and subscriber to the cellular telephone number at issue."  He also declared that he has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]."  As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendant to send the prerecorded messages.

# VI. FACTUAL ALLEGATIONS

## A. United Business Funding, LLC

48.    One of UNITED BUSINESS FUNDING, LLC's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

49.    UNITED BUSINESS FUNDING, LLC uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

## B. Plaintiff

50.    Plaintiff Anton Ewing is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## C. Telephone numbers 619-719-9640

51.    A phone number beginning 619-719-9640 is registered to Mr. Ewing.

52.    619-719-9640 is on the National Do Not Call Registry.

53.    Mr. Ewing answers calls made to 619-719-9640.

54.    Mr. Ewing pays the phone bills for 619-719-9640.

## VII. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

55.     Plaintiff reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

56.     The foregoing acts and omissions of United Business Funding, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone number of Plaintiff without prior express written consent.

57.     The defendant in this matter is vicariously liable for the acts and actions of the lead source under the *Gomez* case from the US Supreme Court handed down on January 20, 2016.  Discovery will reveal the name of the lead agent.  UBF controlled the lead agent and had actual knowledge of the TCPA violations.  The three other TCPA lawsuits are evidence of this knowing and willful conduct.

58.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

59.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

60.     Plaintiff also seeks a permanent injunction prohibiting UNITED BUSINESS FUNDING, LLC and its affiliates and agents from making non-emergency

telemarketing robocalls to cellular telephone numbers without prior express written consent of the called party.

## VIII. SECOND CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Telephones, 47 U.S.C. § 227(b)(1)(B))

61.     Mr. Ewing realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62.     The foregoing acts and omissions of UNITED BUSINESS FUNDING, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the personal telephone 619-719-9640 number of Mr. Ewing without prior express written consent.

63.     Mr. Ewing is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

64.     Mr. Ewing is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

65.     Mr. Ewing also seeks a permanent injunction prohibiting UNITED BUSINESS FUNDING, LLC, and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

## IX. THIRD CLAIM FOR RELIEF

## (Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))

66.     Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

67.     The foregoing acts and omissions of UNITED BUSINESS FUNDING, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. §64.1200(c)(2).

68.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

69.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

70.     Plaintiff also seeks a permanent injunction prohibiting UNITED BUSINESS FUNDING, LLC and its affiliates and agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Honorable Court to enter judgment against all Defendant as follows:

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by UNITED BUSINESS FUNDING, LLC violate the TCPA;

C. For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2);

D. $500 plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every call;

E. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

F. For an injunction prohibiting all Defendant from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing;

G. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

H. $1,500 for each violation of 47 CFR §64.1601(3) caller ID spoofing;

I. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

J. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

K. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing

     call to cellular phone;

L. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

M. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone

     number on the DNC registry; and

N. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

      Dated:  May 20, 2019

                              Anton Ewing,
                              Plaintiff

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS111888
Cashier ID: naparici
Transaction Date: 05/20/2019
Payer Name: ANTON A EWING
------------------------------------
CIVIL FILING FEE
 For: ANTON A EWING
 Case/Party: D-CAS-3-19-CV-000941-001
 Amount:        $400.00
------------------------------------
CREDIT CARD
 Amt Tendered:  $400.00
------------------------------------
Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:      $0.00


There will be a fee of $53.00
charged for any returned check.

**FILED**

May 20 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/CharlyW   DEPUTY

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Anton Ewing, an individual. | United Business Funding, LLC, a New York limited liability company |

**(b)** County of Residence of First Listed Plaintiff **San Diego**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117   619-719-9640   anton@antonewing.com

Attorneys *(If Known)*

**'19CV0941 CAB MSB**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | **PERSONAL INJURY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | **CIVIL RIGHTS** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | ☐ 440 Other Civil Rights | | |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 441 Voting | **IMMIGRATION** | |
| | ☐ 385 Property Damage Product Liability | ☐ 442 Employment | ☐ 462 Naturalization Application | |
| | | ☐ 443 Housing/ Accommodations | ☐ 465 Other Immigration Actions | |
| | | ☐ 445 Amer. w/Disabilities - Employment | | |
| | | ☐ 446 Amer. w/Disabilities - Other | | |
| | | ☐ 448 Education | | |
| | **Habeas Corpus:** | | | |
| | ☐ 463 Alien Detainee | | | |
| | ☐ 510 Motions to Vacate Sentence | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | **Other:** | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC section 227

Brief description of cause:
TCPA violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE  05/20/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____